UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
| v. | ) Case No. 1:00-CR-0157-RCL |
| | ) |
| **LIONEL NUNN** | ) |

**UNITED STATES' MOTION FOR EXTENSION OF TIME
TO FILE ITS RESPONSE TO THE DEFENDANT NUNN'S § 2255 MOTION**

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully requests an extension of time to file its response to defendant Lionel Nunn's § 2255 motion and supplement. As grounds for this request, the United States now says:

1. The defendant, Lionel Nunn, and his co-conspirators were convicted of conducting a drug distribution business in Washington, D.C. during the late 1980s and 1990s. Many of the co-conspirators committed a wide-ranging course of violent acts, including 31 murders. The jury trial, conducted by this Court in 2002 and 2003, lasted over 10 months. The defendant was tried along with Kevin Gray, Rodney Moore, Calvin Smith, John Raynor and Timothy Handy ("Group One"). Other co-conspirators -- Deon Oliver, Franklin Seegers, Kenneth Simmons, James Alfred, Ronald Alfred and Keith McGill -- were tried and convicted separately ("Group Two").

2. On May 11, 2005, this Court sentenced the defendant Nunn to an aggregate sentence of life in prison. The defendant and his co-defendants noted timely appeals. On July 29, 2011, the United States Court of Appeals for the District of Columbia Circuit affirmed most of the convictions against defendant, Lionel Nunn, as well as the convictions of Kevin Gray, John Raynor, Rodney Moore, Calvin Smith, Timothy Handy. *United States v. Moore*, 651 F.3d 30 (D.C. Cir. 2011). Rehearing *en banc* was denied on November 30, 2011. The United States Supreme Court denied *certiorari* on June 18, 2012.

3. On June 17, 2013, defendant Nunn filed a timely motion to vacate his conviction pursuant to 28 U.S.C. § 2255 [Dkt. 2563]. In that motion, he raises various claims of ineffectiveness of counsel, as well as claims involving purported actions of the government. On July 30, 2013, defendant Nunn filed a *pro se* supplement to that § 2255, raising additional claims of ineffectiveness of trial counsel [Dkt. 2576]. In addition, on June 7, 2013, defendant Nunn filed a motion for leave to amend and to adopt the § 2255 motions filed by co-defendants Gray, Moore and Handy [Dkt. 2563]. Other Group One defendants, Gray, Smith, Moore, Raynor and Handy have also filed § 2255 motions, supplements and motions to adopt other co-defendants' filings.

1

4. After granting the government's request for an extension of time in which to file, the Court directed the government to file a response to the defendant Nunn's § 2255 motion by September 13, 2021.

5. The record in this case is voluminous. Undersigned counsel needs additional time to review the record (including the trial transcript) and prepare, draft and file the government's response. In addition, an extension is necessary in light of the undersigned's pre-existing caseload. The workload of the Special Proceedings Division, including that of the undersigned, has increased significantly due to the filings of motions for release based upon the COVID-19 pandemic filed by defendants in this Court and in the Superior Court of the District of Columbia. To date, more than 500 motions have been filed. Thus, since March 2020, the undersigned's assignments have consisted primarily of compassionate release motions, which require the government to file its responses within a relatively short time frame.

6. In addition, in order to conserve prosecutorial and judicial resources, the government proposes to prepare (read the entire trial transcript, review the record and research each of the claims) and file its responses to each of the Group One defendants' § 2255 motions and supplements at or about the same time, for example, 90 days after the last Group One defendant has filed any supplement to his currently filed § 2255 motion. The government is not waiving any timeliness arguments. The below chart sets forth the § 2255 motions, supplements and motions to adopt that have been filed by each Group One defendant, the status of those pleadings, and the pending deadlines, if any:

| Defendant | Pending Motions/Supplements | Status/Deadlines |
|---|---|---|
| Lionel Nunn | § 2255 Motion [Dkt. 2566] Motion to Adopt [Dkt. 2563] Supplement [Dkt. 2576] | Govt Response due: 9/13/21 |
| Kevin Gray | § 2255 Motion [Dkt. 2564] Supplement [Dkt. 2646] Motion to Adopt [Dkt. 2570] | No deadlines set. New counsel, Peter Cooper, Esquire, entered appearance on February 26, 2021 [Dkt. 2766] |
| John Raynor | § 2255 Motion [Dkt. 2582] Supplement [Dkt. 2606] | Govt filed motion for extension of time [Dkt. 2770] |
| Rodney Moore | § 2255 Motion [Dkt. 2567] Motion to Adopt [Dkt. 2568] Defense Supplement [Dkt. 2772] | Govt response due: 9/13/21 |
| Calvin Smith | § 2255 [Dkt. 2583] Brief on Remand and Motion to Dismiss [Dkt. 2764] | No deadlines set, Court handling remand issues first, § 2255 dismissed without prejudice [Dkt. 2736] |
| Timothy Handy | § 2255 Motion [Dkt. 2565] Motion to Adopt [Dkt. 2569] | Defense Supplement due: 3/15/21 (did not file) Govt response was due 6/14/21 [Dkt. 2740] Govt filed motion for extension of time [Dkt. 2770] |

7.   The government respectfully suggests that a status hearing involving the Group One defendants, their counsel and government counsel may be helpful in determining the appropriate briefing schedules and developing a global approach to these matters so that the Court is not required to address this post-conviction litigation in a piecemeal fashion.

8.   Defendant's counsel, Gary Proctor, Esquire, was contacted and defers to the Court on behalf of his client.

9.      For now, based upon the foregoing reasons, the government respectfully asks the Court for an additional 90 days – until December 22, 2021 -- in which to respond to the defendant's motion and supplement.

**WHEREFORE**, the government respectfully requests a 90-day extension of time until December 22, 2021, to file its response. A proposed order is attached.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar Number 415-793

MARGARET J. CHRISS
Chief, Special Proceedings Division
D.C. Bar Number 452-403

_____/s/_____
PAMELA S. SATTERFIELD
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W.
Washington, D.C. 20530
D.C. Bar Number 421-247
Pamela.satterfield@usdoj.gov
202-252-7578

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, this 13th day of September, 2021, I caused a copy of the foregoing Motion for Extension of Time to be served via ECF on counsel of record.

___/s/_____
Pamela S. Satterfield
Assistant United States Attorney